IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KINYATAE WILLIAMS, | ) | CASE NO. 1:18-CV-1964 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DAVID GRAY, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |
| | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Kinyatae Williams for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Williams is incarcerated by the State of Ohio at the Belmont Correctional Institution in St. Clairsville, Ohio[3] where he is concurrently serving a life sentence for rape and two sentences of three years to life for gross sexual imposition. The aforementioned sentences were imposed in 2017 by the Cuyahoga County Common Pleas Court after Williams was convicted at a bench trial.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order entered on September 4, 2018.
[2] ECF No. 1.
[3] drc.ohio.gov/offendersearch
[4] ECF No. 1 at 1-2.

1

Williams here raises three grounds for federal habeas relief.[5] The State in its return of the writ argues that the first ground should be dismissed as non-cognizable and the final two should be denied as they are without merit.[6]

For the reasons set forth below, I will recommend that the petition be dismissed.

## Facts and Proceedings in the Trial Court

The underlying facts of the offense were simply stated by the Ohio appeals court:[7]

C.B. and her seven-year-old daughter, A.J., lived in Garfield Heights from August 2014 until July 2015. C.B. developed a sexual relationship with Williams, and in March 2015, Williams spent four or five days at C.B.'s home while A.J. was present in the home. A.J. testified that one of the mornings Williams was staying in her home, she accidentally woke Williams. In the kitchen of her home Williams pulled his pants down and put her on a shelf. Williams then proceeded to touch her "behind" and insert his genitals into her mouth causing her to choke. A.J. was later able to identify the genital area on a diagram.[8]

A.J. later told C.B. about the incident with Williams in August or September of 2015, C.B. did not report the incident to the authorities. Around this same period of time, C.B. noticed changes in A.J.'s behavior. A.J.'s kindergarten teacher referred her to Emma Bogard, a social worker with Bellefaire JCB. Bogard spoke to A.J. who told her that

---

[5] ECF No. 1 at 5-8.
[6] ECF No. 7 at 10-18.
[7] ECF No. 7, Attachment (state record) at 90- 93 (referencing page number on actual document). Facts found by the state appellate court are here presumed correct. 28 U.S.C. §2254(e)(1).
[8] *Id.*

Williams put his genitals in her mouth. Bogard then diagnosed A.J. with post-traumatic stress disorder.[9]

The incident was reported to Cuyahoga County Division of Child and Family Services ("CCDCFS") who referred A.J. to Rainbow babies and Children's Hospital. A.J. was then examined and interviewed by a sexual assault nurse examiner ("SANE") and a sex abuse social worker. The social work later testified that in addition to the other allegation, A.J. disclosed that Williams touched her chest underneath her clothing and her vaginal area.[10]

Williams was charged with four counts of rape, two counts of kidnapping, and two counts of gross sexual imposition. Prior to trial the state dismissed two counts of rape, one count of kidnapping, and one count of gross sexual imposition. The matter proceeded to a bench trial on February 17, 2017. During trial, the court reduced the second rape charge in count two to gross sexual imposition. The trial count found the rape and kidnapping counts to be allied offenses and merged those counts for sentencing. The court imposed a sentence of life for rape and two sentences of three years to life for gross sexual imposition to be served concurrently[11] on March 6, 2017.[12]

**A.     State Appeals After Conviction**

*(1)     Court of appeals*

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] ECF No. 7, Attachment at 18.

On March 21, 2017 Williams, through different counsel[13], timely[14] filed a notice of appeal.[15] In his brief Williams raised six assignments of error:

1. The trial court abused its discretion when it denied [Williams'] motion to exclude the testimony of the named victim.
2. The trial court abused its discretion when it denied [Williams'] motion to dismiss for speedy trial violations thereby violating his constitutional and statutory rights.
3. The trial court improperly sentences [Williams] to life without parole absent a finding of guilt as to the age of the victim, the use of force, the resulting of serious physical harm and/or the prior conviction of R.C. 2907.02(A)(1)(B).
4. The trial court erred by denying [Williams'] Crim.R.29 motions because the convictions were not supported by sufficient evidence.
5. The trial court erred when it found [Williams] guilty of the sexually violent predator specification by relying on [Williams'] conviction as a juvenile.
6. The trial court erred when it entered a journal entry and a nunc pro tunc journal entry ordering [Williams] to pay for the cost of the prosecution when no such sentence was ordered in open court.[16]

The State filed a responsive brief.[17] On March 8, 2018, the Ohio appeals court overruled all of Williams' assignments of error and affirmed the judgement of the trial court.[18]

**(2)  *Supreme Court of Ohio***

On April 6, 2018, Williams, *pro se*, timely[19] filed a notice of appeal with the Supreme Court of Ohio.[20] In his jurisdictional memorandum, Williams raised the following three propositions of law:

---

[13] ECF No. 7, Attachment at 11, 18.
[14] Ohio App. Rule 4 provides that an appeal must be filed within 30 days of entry of the judgement.
[15] ECF No. 7, Attachment at 18.
[16] ECF No. 7, Attachment at 28.
[17] *Id.* at 54.
[18] *Id.* at 88.
[19] An appeal to the Supreme Court of Ohio must be filed within 45 days of the appellate judgement. Ohio Sup. Ct. Rule 7.01(A).
[20] ECF No. 7, Attachment at 104.

1. Did the trial court abuse its discretion when it denied [Williams'] motion to exclude the testimony of the named victim?
2. Whether the triple count provision should be assessed in examining a constitutional claim on speedy trial grounds?
3. Did the trial court err when it denied [Williams'] motion to dismiss pursuant to Criminal Rule 29?[21]

On June 20, 2018, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[22] The record does not show that Williams then filed a writ of certiorari with the United States Supreme Court.

### Federal Habeas Corpus

On August 27, 2018,[23] Williams, *pro se*, timely[24] filed this petition for federal habeas relief.[25] The petition alleges the following three grounds for relief:

1. The trial court abused its discretion when it denied [Williams'] motion to exclude the testimony of the named victim.
2. The trial court abused its discretion when it denied [Williams'] motion to dismiss for speedy trial violations.
3. [Williams'] conviction violates the Due Process Clause of the Fourteenth Amendment. [Williams'] conviction is based upon insufficient evidence.[26]

In its return of the writ the state argues that Ground One should be dismissed as non-cognizable and Grounds Two and Three should be denied as they have no merit.[27] First,

---

[21] Id. At 110.
[22] *Id.* at 137.
[23] This is the date the petition was received and docketed. See, ECF No. 1 at 1.
[24] Subject to other factors not relevant here, a federal habeas petition must be filed within one year of the state conviction becoming final. 28 U.S.C. § 2244(d0(1). Here, the Supreme Court of Ohio dismissed Williams' appeal on June 20, 2018 and this federal habeas petition was filed on August 27, 2018.
[25] ECF No. 1.
[26] *Id.* at 5-8.
[27] ECF No. 7 at 10-18.

the State contends that Ground One, which raises a claim regarding the competency of Williams' child victim to testify, should be dismissed as non-cognizable as the determination of competency[28] and subsequent admission of testimony is within the discretion of the state trial court. [29] Furthermore, the state contends that the only circumstance in which the federal habeas court could review this claim is through proof that the alleged error is of constitutional magnitude, which Williams has not demonstrated.[30] Second, the State argues that Ground Two, Williams' claim that his constitutional right to a speedy trial was violated, is without merit, as the length of his delay of 258 days is not presumptively prejudicial.[31] Finally, the State asserts that Ground Three, Williams' allegation that his convictions are not supported by sufficient evidence, is without merit as the state court's application of clearly established law is correct and reasonable.[32]

Williams did not file a traverse.

## Analysis

**A.     Preliminary Observations**

Before proceeding further, I make the following preliminary observations:

---

[28] *Id.* at 10 (citing *State v. Maxwell*, 139 Ohio St. 3d. 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 100).
[29] *Id.* at 11 (citing *Cooper v. Sowders*, 837 F. 2d 284, 286 (6th Cir. 1988)).
[30] *Id.* at 11-12 (citing *Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976)).
[31] *Id.* at 14 (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)).
[32] *Id.* at 18.

1. There is no dispute that Williams is currently in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition.[33]
2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute. In addition, Williams appears to state in his petition,[34] and my own review of this Court's docket confirms, that this is not a second of successive petition for federal habeas relied as to this conviction and sentence.[35]
3. Based on my review of the record all claims appear to have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review process.[36]
4. Finally, Williams has neither requested the appointment of counsel,[37] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[38]

**B.    Ground One should be dismissed as non-cognizable.**

Ground One contends that the trial court abused its discretion when it denied Williams' motion to exclude the testimony of Williams' child victim. Under clearly established precedent ,a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[39] But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[40] The Supreme Court has made clear that it defines "very narrowly" the category of

---

[33] 28 U.S.C. §2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984)
[34] ECF No. 1 at 11. Williams answered "no" to the relevant question.
[35] 28 U.S.C. §2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).
[36] 28 U.S.C. §2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).
[37] 28 U.S.C. §2254(h); Rule 8(c), Rules Governing 2254 Cases.
[38] 28 U.S.C. §2254(e)(2)
[39] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).
[40] *Estelle*, 502 U.S. at 67-68.

infractions that violate the "fundamental fairness" of a trial.[41] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[42]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[43] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[44] and may not second-guess a state court's interpretation of its own procedural rules.[45] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[46] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[47]

As pointed out by the state, Williams has not demonstrated that the alleged error, the trial's court refusal to admit the testimony of Williams' child victim, is of a constitutional magnitude.[48] Furthermore, as the State also observes, in *Buell v. Mitchell* the Sixth Circuit held that state court evidentiary rulings are not normally within the bounds of habeas review.[49] As established in *Neumann v. Jordan*, "errors of state law, especially errors based on a trial court's evidentiary rulings, do not, in and of themselves, violate the

---

[41] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).
[42] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).
[43] *Id.*
[44] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).
[45] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[46] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[47] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).
[48] ECF No. 7 at 12.
[49] *Buell v. Mitchell,* 274 F.3d 337, 357 (6th Cir. 2001).

8

constitution."[50] Thus, without the demonstration of an error of constitutional magnitude, no clearly established federal law is implicated by the trial court's decision to admit the child victim's testimony. In such a case as here, the trial court's decision to admit evidence is a non-cognizable matter of state law.

**B.      Ground Two should Be dismissed as without merit.**

In Ground Two, Williams contends that the trial court abused its discretion when it denied Williams' motion to dismiss for speedy trial violations. Williams asserts that his constitutional right to a speedy trial was violated as he was not brought to trial for 258 days. The Sixth Amendment guarantees a defendant the right to a speedy trial that is assessed upon consideration of the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant.[51] Affirmative proof of particularized prejudice is not essential to every speedy trial claim.[52] Indeed, prejudice can be presumed as the length of delay becomes excessively unusual.[53]

The case of *Barker v. Wingo* established the necessary balancing test to determine a speedy trial violation.[54] *Barker* determined that unless the delay is presumptively prejudicial, "there is no necessity for inquiry into the other factors that go into the balance."

---

[50] *Neumann v. Jordan*, 84 F.3d 985, 988 (7th Cir. 1996).
[51] Doggett v. United States, 505 U.S. 647, 651 (1992); Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Schreane, 331 F.3d 548, 553 (6th Cir.), cert. denied, 540 U.S. 973 (2003); Cope, 312 F.3d at 777.
[52] Doggett, 505 U.S. at 655.
[53] Id. at 655- 56 (eight and one-half years presumed prejudicial)
[54] *Barker v. Wingo, supra,* at 530.

[55] As the State noted, the Supreme Court has indicated that to trigger an inquiry under *Barker*, a delay of one year is generally sufficient. [56] The length of Williams' delay does not appear to trigger the first step of inquiry in *Barker* as this delay is not a year and, therefore, not long enough to be considered presumptively prejudicial. Therefore, Williams' second ground for relief is without merit.

C.     **Ground Three should be dismissed without merit.**

In Ground Three, Williams contends that his conviction is based upon insufficient evidence and, therefore, violates the Due Process Clause of the Fourteenth Amendment. The State notes that after the state court of appeals reviewed the evidence produced at trial, they disagreed and found no merit to Williams' sufficiency challenge as the direct testimony of the child victim was enough to support Williams' conviction. [57] Despite the general prohibition against federal habeas corpus review of issues of state law, [58] a claim that a petitioner was convicted with insufficient evidence is cognizable under 28 U.S.C. § 2254[59] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt." [60]

In that regard, the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the

---

[55] *Id.*
[56] *Doggett, supra*, at 652 n.1.
[57] ECF no. 7 at 15-16, 18.
[58] *See, Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).
[59] *Brown v. Palmer,* 441 F.3d 347, 351 (6th Cir. 2006).
[60] *Fiore v. White,* 531 U.S. 225, 228-29 (2001)

prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. [61] This standard does not permit the federal habeas court to make its own de novo determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact. [62]

Moreover, in addressing an argument about the sufficiency of the evidence, an attack on the credibility of a witness is simply a challenge to the quality of the prosecution's evidence, and not to its sufficiency. [63] Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*, whereby the evidence is to be viewed most favorably to the prosecution, and second, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[64]

As the State notes, there is a presumption of correctness in a federal habeas corpus proceeding regarding the state court findings of fact in reviewing the evidence. [65] Furthermore, the federal courts are obliged to accept a state court's interpretation under

---

[61] *Jackson v. Virginia,* 443 U.S. 307, 324 (1979).
[62] *Herrera v. Collins,* 506 U.S. 390, 401-02 (1993).
[63] *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002).
[64] *Moreland v. Bradshaw,* 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).
[65] 28 U.S.C §2254€; *Marshall v. Lonberger,* 459 U.S. 422, 435 (1983); *Sumner v. Mata,* 449 U.S. 539 (1981), *reaffirmed,* 455 U.S. 591 (1982).

11

state law regarding the statutes and rules of practice of that state as valid. [66] Accordingly, this claim is without merit as the state court's application of clearly established law is correct and reasonable.

## Conclusion

For the reasons stated, I recommend that the petition of Kinyatae Williams for a writ of habeas corpus be dismissed as non-cognizable in part and denied in part, as is more fully detailed above.

IT IS SO RECOMMENDED.

Dated: July 13, 2021                             s/William H. Baughman Jr.
                                                 United States Magistrate Judge

---

[66] *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[67]

---

[67] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).